**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNELL A. JEFFRIES,** | : | **CIVIL ACTION NO. 1:09-CV-0692** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HARLEY G. LAPPIN**, et. al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Vernell A. Jeffries ("Jeffries"), an inmate at the United States

Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this civil

rights action on April 15, 2009. (Doc. 1.) The matter is presently proceeding against

defendants Mr. T. Cerney and Lt. Galletta *via* an amended complaint filed on

July 10, 2009. (Doc. 32). Before the court is a motion for summary judgment

pursuant to Federal Rules of Civil Procedure 56, filed on behalf of both defendants.

(Doc. 49.) For the reasons set forth below, the motion will be deemed unopposed

and granted. **I. Procedural Background**

In his amended complaint, plaintiff alleges that on April 17, 2009, defendant

Galletta called him a "snitch/rat" and a "punk/faggot," which prompted a group of

prisoners to issue a contract on his life. (Doc. 32, at 5, ¶¶ 1, 2.) On February 26,

2009, he states that he "went before Defendant Cerney for placement into special

management unit, defendant Cerney wasn't a[n] impartial decision maker, for he

has sit upon the disciplinary hearings on several disciplinary matters concerning

plaintiff Jeffries thus rendering him partial and bias. . . ." (Id. at ¶ 3.) On June 24,

2009, he alleges that he was gassed and placed in restraints for three days which rendered him unable to eat, use the restroom, and sleep.  (Id. at 5-6, ¶¶ 4, 5.)

On December 21, 2009, defendants filed a motion for summary judgment (Doc. 49) with supporting documentation (Docs. 50, 51).  Jeffries failed to file a brief in opposition to the motion.  See L.R. 7.6 ("Any party opposing any motion shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion.")  He was directed to file a brief in accordance with L.R. 7.6, on or before February 16, 2010, and was cautioned that his failure to comply with the order may result in the granting of the motion or dismissal of this case for failure to prosecute.  (Doc. 53 citing FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)).  On February 17, 2010, he moved for an extension of time.  (Doc. 54.)  He was afforded until March 16, 2010, to oppose the motion.  (Doc. 56.)  He filed a second motion for enlargement of time on March 19, 2010.  (Doc. 58.)  He was granted until May 28, 2010, to oppose the motion.  (Doc. 59.)  He failed to do so.  Consequently, the motion is deemed unopposed.

## II.    <u>Standard of Review</u>

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  <u>See</u> Fed. R. Civ. P. 56(c).  The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); Fed. R. Civ. P. 56(e); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.'  <u>Celotex</u> [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)."  <u>Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pa</u>, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 250-57 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,</u> 475 U.S. 574, 587-89 (1986); <u>see also</u> Fed. R. Civ. P. 56(c), (e).  Only if this threshold is met may the cause of action proceed.  <u>Pappas</u>, 331 F. Supp. 2d at 315.

## III.  Statement of Material Facts

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See L.R. 56.1. The opposing party shall file a separate  statement of the material facts as to which it is contended that there exists a genuine issue to be tried. Id. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id. Because plaintiff failed to oppose defendants' statement, all facts contained therein are deemed admitted.

The Federal Bureau of Prisons ("BOP") has a three level administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement. (Doc. 51-2, Declaration of L. Cunningham, Supervisory Attorney at USP Lewisburg ("Cunningham Decl."), at 2, ¶ 1.) Pursuant to this protocol, set forth at 28 C.F.R. §§ 542.10-542.19, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined (BP-9). (Doc. 51-2, at 2, ¶ 4.) An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or

she may appeal the decision to the Regional Office and the General Counsel of the BOP (BP-10, BP-11). (Doc. 51-2, at 2, 3, ¶ 4.) A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id.

Review of the history of Jeffries' requests for administrative relief indicates that although he has filed approximately fifteen requests while housed at USP Lewisburg, he has only continued to the General Counsel level on three occasions. He filed claim # 535558 in which he "claims excessive use of force due to being gassed." (Doc. 32, at 8.) The claim was rejected on April 22, 2009. He filed claim # 551605-A-1 to General Counsel on July 13, 2009, appealing his placement in the Special Management Unit. The appeal was rejected once because it was illegible and the second time because he did not submit the proper pages. (Doc. 51-2, Cunningham Decl., at 3, ¶ 8.) He did not attempt to refile the appeal. (Id.) On September 23, 2009, he filed claim # 537213, which involved "claims of excessive force by LT." (Id. at ¶ 9.) On November 6, 2009, General Counsel rejected this claim for multiple reasons. (Id. at 3, 4, ¶ 9.) He did not refile the appeal.

In response to exhaustion of administrative remedies questions on the form amended complaint, Jeffries acknowledged the presence of a prisoner grievance system at USP Lewisburg. (Doc. 32, at 2.) He indicated that although he was able to pursue a BP8 and BP9, defendants denied his attempts to further exhaust. In support of this he attaches to his amended complaint a BOP report indicating that claim # 535558, challenging the excessive use of force of gassing, was rejected on April 22, 2009. (Doc. 32, at 8.) However, according to the record, "[t]he incident in

this current complaint involving Jeffries['] allegations related to the use of chemical agents occurred on June 24, 2009. Thus, it is impossible that the remedy rejection he attached to his complaint dated more than two months before the issue raised in his complaint, could have been related to the June 24, 2009, allegation." (Doc. 51-2, Cunningham Decl., at 4, ¶ 15.)

## IV.    **Discussion**

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also

mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.[1] Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Nussle, 534 U.S. at 525)).

It is undisputed that Jeffries failed to exhaust his administrative remedies with regard to the issues contained in the complaint. Being the party adverse to summary judgment, he must raise "more than a mere scintilla of evidence in [his] favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). Plaintiff has failed to meet his burden. Indeed, he has failed to oppose defendants' motion. Accordingly, the motion for summary judgment will be granted.

---

[1]A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendants. Id.; see also Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

**IV.** **Conclusion**

Based on the foregoing, the motion for summary judgment (Doc. 49) will be deemed unopposed and granted.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 16, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNELL A. JEFFRIES,** | : | **CIVIL ACTION NO. 1:09-CV-0692** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HARLEY G. LAPPIN**, et. al., | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

_____AND NOW, this 16th day of June, 2010, upon consideration of defendants'

unopposed motion for summary judgment pursuant to Federal Rule of Civil

Procedure 56 (Doc. 49), and in accordance with the foregoing memorandum, it is

hereby ORDERED that:

1. Defendants' motion for summary judgment (Doc. 49) is DEEMED
   unopposed and GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of
   defendants and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith.
   <u>See</u> 28 U.S.C. § 1915(a)(3).


   <u>  S/ Christopher C. Conner  </u>
   CHRISTOPHER C. CONNER
   United States District Judge